2013 UT App 63

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

JAMIE KNOWLDEN,

*Defendant and Appellant.*

Per Curiam Decision
No. 20120311-CA
Filed March 7, 2013

Fourth District, Heber Department
The Honorable Derek P. Pullan
No. 111500122

J. Edward Jones, Attorney for Appellant
John E. Swallow and Jeanne B. Inouye, Attorneys for Appellee

Before JUDGES DAVIS, VOROS, and CHRISTIANSEN.

PER CURIAM:

¶1     Jamie Knowlden appeals the district court's order denying his motion to withdraw his pleas of no contest to two counts of burglary and one count of attempted aggravated assault. We affirm.

¶2     "We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion." *State v. Ferretti*, 2011 UT App 321, ¶ 10, 263 P.3d 553. Further, we will disturb the findings of fact made by the district court in resolving that motion to withdraw a guilty plea only if they are clearly erroneous. *See State v. Benvenuto*, 1999 UT 60, ¶ 10, 983 P.2d 556.

¶3     A "plea of guilty or no contest may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made." Utah Code Ann. § 77-13-6(2)(a) (LexisNexis 2012). "A plea is knowing and voluntary if it is made 'with sufficient awareness of the relevant circumstances and likely consequences.'" *State v. Moa*, 2012 UT 28, ¶ 29, 282 P.3d 985 (quoting *Bradshaw v. Stump*, 545 U.S. 175, 183 (2005)). Further, "[t]o show that a plea was not knowing and voluntary, a defendant must show either that he did not in fact understand the nature of the constitutional protections that he was waiving by pleading guilty, or that he had 'such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt.'" *State v. Alexander*, 2012 UT 27, ¶ 23, 279 P.3d 371 (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

¶4     Knowlden argues here, as he did below, that despite the fact that the district court complied with rule 11 of the Utah Rules of Criminal Procedure, his pleas of no contest were not knowing and voluntary. More particularly, Knowlden claims that his pleas were not knowingly made because at the time of the pleas he was being represented by his third attorney and new discovery from the State had just been provided to Knowlden that day. Thus, he argues that he had not been given enough time to discuss the matter with his attorney. Furthermore, he asserts that his reluctance to be sentenced the day he entered his no contest pleas demonstrated that his pleas were not voluntary.

¶5     Knowlden fails to demonstrate that the district court abused its discretion in denying the motion. Knowlden acknowledges that the district court complied with rule 11 of the Utah Rules of Criminal Procedure. During his plea colloquy, Knowlden represented that he had sufficient time to speak with his counsel. Further, he acknowledged that he understood all of the rights he was waiving by entering his plea. This included the right to prepare a defense and confront the witnesses against him. Thus, Knowlden understood that he was giving up the right to conduct more discovery and develop additional defenses by entering his

pleas. Further, while Knowlden indicated during the colloquy that he did not agree with the factual basis supporting the charges he does not allege that he failed to understand those facts. Accordingly, Knowlden fails to demonstrate that he did not understand the constitutional protections he was waiving or the factual basis for the charges against him. Thus, he has failed to demonstrate that his pleas was not knowing.

¶6    Knowlden also fails to demonstrate that his pleas were not voluntary. Knowlden's expressed desire to assert his right to delay sentencing in order to think about the proceedings does not demonstrate that the pleas were not voluntary. Nothing in that statement demonstrates a lack of voluntariness. At most, it shows trepidation or second thoughts, but trepidation or second thoughts do not make no contest pleas involuntary. *See United States v. Isom*, 85 F.3d 831, 837 (1st Cir. 1996) (stating that a motion to withdraw must rest on more than "defendant's second thoughts about some fact or point of law"). Therefore, Knowlden has failed to demonstrate that his pleas were not voluntary.

¶7    Affirmed.

————————