2014 UT App 153

**STATE of Utah, Plaintiff and Appellee,**

v.

**Johnny MARTINEZ Jr., Defendant and Appellant.**

No. 20130673–CA.

Court of Appeals of Utah.

July 3, 2014.

Nathalie S. Skibine and Andrea J. Garland, for Appellant.

Sean D. Reyes and Brett J. DelPorto, Salt Lake City, for Appellee.

Before Judges GREGORY K. ORME, STEPHEN L. ROTH, and Senior Judge JUDITH M. BILLINGS.[1]

Decision

PER CURIAM:

¶ 1 Johnny Martinez Jr. appeals his conviction of possession of a controlled substance, arguing that the district court erred in denying his motion to withdraw his guilty plea. We affirm.

¶ 2 Martinez asserts that his plea was not knowing and voluntary because he did not take his medications on the day of the plea. Further, he argues that the district court failed to perform an adequate rule 11 colloquy that might have shown that he was affected by the failure to take that medication. We review the denial of a motion to

1. The Honorable Judith M. Billings, Senior Judge, sat by special appointment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

withdraw a guilty plea for abuse of discretion. *State v. Knowlden,* 2013 UT App 63, ¶ 2, 298 P.3d 691. Further, we will overturn the district court's findings of fact supporting its decision only if they are clearly erroneous. *Id.*

¶ 3 Martinez fails to demonstrate that the district court abused its discretion in denying his motion to withdraw his guilty plea. Martinez had the burden of demonstrating that his plea was not knowing and voluntary. *See* Utah Code Ann. § 77–13–6(2)(a) (LexisNexis 2012) (stating that a guilty plea "may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made"); *State v. Alexander,* 2012 UT 27, ¶ 24, 279 P.3d 371 (stating that the burden is on the defendant to demonstrate that his plea was not knowingly and voluntarily made). However, the totality of Martinez's argument was that he failed to take two prescription drugs on the morning of the plea and that failure made him very anxious. This argument was insufficient to carry his burden of proof. Martinez offered no evidence indicating that he had an actual prescription for the drugs or the dosages for the medications. He offered no evidence as to the symptoms the medications were supposed to alleviate. And he offered no medical evidence as to the potential effect of missing one dose of the medications. Such evidence was all the more important because there was no indication at the change-of-plea hearing that Martinez was in any way impaired. Accordingly, because Martinez failed to carry the burden of demonstrating that his plea was not knowingly and voluntarily made, the district court did not abuse its discretion in denying the motion.

¶ 4 Affirmed.