**2015 UT App 214**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
JAMES EDWARD COLLINS,
Defendant and Appellant.

Memorandum Decision
No. 20140185-CA
Filed August 27, 2015

Third District Court, Salt Lake Department
The Honorable Vernice S. Trease
No. 131901674

Herschel Bullen, Attorney for Appellant

Sean D. Reyes and Kris C. Leonard, Attorneys
for Appellee

JUDGE JOHN A. PEARCE authored this Memorandum Decision, in
which JUDGES STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN
concurred.

PEARCE, Judge:

¶1     James Edward Collins appeals the district court's denial
of his motion to withdraw his guilty plea. He contends that the
district court failed to ensure that his plea was entered
knowingly, intelligently, and voluntarily. Collins further
contends that the district court erred in failing to set aside his
guilty plea after he sought to withdraw it. We review a district
court's compliance with the constitutional and procedural
safeguards surrounding the entry of a guilty plea for correctness.
*State v. Beckstead*, 2006 UT 42, ¶ 8, 140 P.3d 1288. We review a
district court's denial of a plea-withdrawal motion for an abuse
of discretion. *Id.* ¶ 7. Because we determine here that the district

court complied with the applicable safeguards and did not abuse its discretion in denying the plea-withdrawal motion, we affirm.

¶2     Collins was initially arrested and taken to jail on an outstanding warrant and for allegedly providing false information to a peace officer. Upon arrival, Collins confessed that a search of his person would reveal heroin. He later agreed to plead guilty to a single count of possession of a controlled substance in a drug-free zone, charged as a second degree felony, in exchange for the State dropping certain other charges.[1] In his plea affidavit, Collins recounted the elements of the charge to which he was pleading guilty and admitted that he "had heroin [on his person] when he was brought to the jail, a drug free zone."

¶3     At the plea-entry hearing, Collins's trial counsel affirmed that she had read the plea affidavit to Collins and that she believed Collins was knowingly, voluntarily, and intelligently pleading guilty. Before accepting the guilty plea, the district court engaged in a plea colloquy pursuant to rule 11 of the Utah Rules of Criminal Procedure. During the colloquy, Collins personally affirmed that he (1) could read, write, and understand English; (2) was not under the influence of drugs, alcohol, or medications; (3) was thinking clearly; (4) did not suffer from any illness that impaired his ability to think clearly; (5) had read and understood everything in the plea affidavit; (6) had confirmed that the plea affidavit was true and correct; (7) understood the constitutional rights he was giving up by pleading guilty; and (8) understood that the maximum penalty he was facing was a prison sentence of between one and fifteen years and a fine of $10,000 plus a ninety percent surcharge. Collins further indicated that his plea was freely and voluntarily given, that he had not been coerced or threatened, and that he was satisfied with his attorney's advice and assistance.

---

1. Collins also had ongoing criminal cases before other courts.

¶4     After this colloquy, Collins asked a question about his potential sentence under the plea agreement. Collins's trial counsel explained the sentence that the State had agreed to recommend and the interplay between the plea agreement and Collins's other cases. The district court interjected with an example of how a recommendation works and emphasized that the court was not bound by the recommendation. The district court then offered Collins an opportunity to speak with his trial counsel, which he declined. Collins's trial counsel read aloud the factual basis for the plea. Collins affirmed that account and pled guilty.

¶5     Collins subsequently filed a timely motion to withdraw his guilty plea. At a plea-withdrawal hearing, Collins testified that his trial counsel had promised that after entering the plea, Collins would be immediately sentenced and released on probation.[2] He further testified that his trial counsel had told him that his guilty plea in this case would cause the judges presiding over his other cases to release him on probation in those matters. According to Collins, none of those things came to pass. Collins also asserted that his trial counsel had incorrectly identified a school, rather than a jail, as the drug-free zone referenced in his plea affidavit. Finally, Collins claimed that he had not read the plea affidavit but had instead relied on his counsel's allegedly erroneous representations about its contents. The district court denied Collins's motion, sentenced him to one-to-fifteen years in prison, suspended that sentence, and placed him on probation.

¶6     On appeal, Collins first contends "that his plea of guilty was coerced, that he was misled by counsel and that his plea was not knowing, intelligent, and voluntary." Because Collins does not further explain his claims of coercion and being misled, we

---

2. Collins was represented by different counsel at the plea-withdrawal hearing. On appeal, Collins is represented by a third attorney.

reject them.[3] *See* Utah R. App. P. 24(a)(9) (requiring appellants to set forth their "contentions and reasons . . . with respect to the issues presented"). We turn, therefore, to his claim that his plea was not knowing, intelligent, and voluntary.

¶7   Rule 11(e) of the Utah Rules of Criminal Procedure requires the district court to find that a guilty plea is knowingly, intelligently, and voluntarily made before the court may accept that plea. *See* Utah R. Crim. P. 11(e); *State v. Alexander*, 2012 UT 27, ¶ 29, 279 P.3d 371. Rule 11 exists to help the district court ensure that a defendant understands "the nature of the constitutional protections that he is waiving" and "the law in relation to the facts." *See Alexander*, 2012 UT 27, ¶ 29 (citations and internal quotation marks omitted). Collins argues that, "[a]lthough he indicated otherwise at the time of his plea, [he] later testified that he lacked his glasses and could not read the plea [affidavit] at the time of the plea." But Collins does not claim that his alleged inability to read the plea affidavit prevented him from understanding it. Indeed, his trial counsel told the district court that she had read the plea affidavit to Collins.[4] Moreover, the district court asked Collins whether he *understood* everything in the plea affidavit, whether everything in it was true and correct, and whether he *understood* the resulting proposed plea agreement. Collins answered "Yes" to

---

3. In any event, our review of the record strongly suggests that Collins was not coerced and was thoroughly and correctly advised of his rights and the charges against him.

4. Collins argues that because rule 11's burden rests upon the district court, "the court could not rely upon [trial] counsel's representation that she had read the plea [affidavit] to [Collins]." This proposition is not self-evidently valid, and Collins does not further analyze it. But, in any event, he does not claim that his trial counsel did not read the affidavit to him.

each question.[5] We therefore readily conclude that, because the district court determined that Collins understood the plea affidavit and the consequences of pleading guilty, it did not err by accepting Collins's plea.

¶8     Collins next contends that the district court abused its discretion when it denied his motion to withdraw his guilty plea. "A plea of guilty . . . may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made." Utah Code Ann. § 77-13-6 (LexisNexis 2012). The burden of proof on appeal from a denial of a plea-withdrawal motion rests upon the defendant. *Alexander*, 2012 UT 27, ¶ 23.

> To show that a plea was not knowing and voluntary, a defendant must show either that he did not in fact understand the nature of the constitutional protections that he was waiving by pleading guilty, or that he had such an incomplete understanding of the charges that his plea cannot stand as an intelligent admission of guilt.

*Id.* (citation and internal quotation marks omitted).

¶9     Collins asserts that, because he "apparently did not have his glasses and did not in fact personally read the statement in support of his plea . . . , [he] believes serious questions arise as to his actual understanding of and his ability to knowingly and intelligently enter a plea of guilty." Collins points to his testimony at the later plea-withdrawal hearing as evidence of his confusion. Specifically, he testified at the later hearing that, during the earlier plea-entry hearing, his trial counsel had incorrectly identified a school, rather than a jail, as the drug-free zone mentioned in the plea affidavit. Because trial counsel did not actually make such a mistake, Collins claims that he must

---

5. Collins also indicated to the district court that he had read the plea affidavit himself.

have been confused at the earlier hearing. However, the testimony establishes only that, by the time of the later hearing, Collins had become confused about the details of what had transpired at the earlier hearing. This falls far short of carrying his burden of establishing that, during the earlier hearing, he did not understand either the charges against him or the constitutional protections he was waiving by pleading guilty. Accordingly, we conclude that the district court did not abuse its discretion by denying Collins's motion to withdraw his plea.

¶10    Affirmed.

————————