**2015 UT App 250**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
RAMEN QUINTEZE POWELL,
Appellant.

Memorandum Decision
No. 20140810-CA
Filed October 8, 2015

Fourth District Court, Provo Department
The Honorable Derek P. Pullan
No. 141400958

Emily Adams, Attorney for Appellant

Sean D. Reyes and Lindsey L. Wheeler, Attorneys
for Appellee

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES MICHELE M. CHRISTIANSEN and JOHN A. PEARCE
concurred.

DAVIS, Judge:

¶1     Ramen Quinteze Powell appeals the trial court's denial of
his motion to withdraw his guilty pleas. We affirm.

¶2     On June 3, 2014, Powell entered guilty pleas to six
separate felonies pursuant to a plea bargain with the State.
Subsequently, he moved to withdraw his pleas on the ground
that they were not knowing and voluntary because he was under
the influence of prescription medications at the time of the plea
hearing. In support of his motion to withdraw his pleas, Powell
provided a record from the Utah County Jail (the jail printout),
where he was in custody at the time of the plea hearing,
indicating that Powell had been given benztropine and

hydroxyzine on the morning of the hearing. He also submitted printouts from the Physicians' Desk Reference website (the PDR printouts), which indicated that the medications he was taking had the potential to impair his mental abilities. Finally, he provided the court with an affidavit in which he averred, "[I]t is my belief that [at the time of the plea hearing,] I was still suffering from the effects of those prescriptions to where I was unaware or could not appreciate what I was doing."

¶3 The trial court rejected Powell's assertion that his pleas were not knowing and voluntary. The court explained that Powell had denied being under the influence of prescription medication at the hearing, that his attorney had expressed no concern about his mental capacity, and that the court had not observed anything in Powell's demeanor indicating that he was confused. Further, the court considered Powell's affidavit to be "very self-serving and unsupported by objective evidence as to the effect of these medications on the human brain." Accordingly, the trial court denied Powell's motion.

¶4 Powell challenges the trial court's denial of his motion to withdraw his pleas, asserting that the trial court's interaction with him at the plea hearing was too limited for the court to be able to assess whether his mental faculties were diminished and that the court failed to adequately consider the jail printout and the PDR printouts in making its decision. We review a trial court's denial of a motion to withdraw a plea for abuse of discretion. *State v. Beckstead*, 2006 UT 42, ¶ 7, 140 P.3d 1288.

¶5 A guilty plea that is "not knowingly and voluntarily made" may be withdrawn. Utah Code Ann. § 77-13-6(2)(a) (LexisNexis 2012). A plea is not knowing or voluntary when the defendant is "'so impaired by drugs when he pleaded that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights and of realizing the consequences of his plea.'" *Oliver v. State*,

2006 UT 60, ¶ 7, 147 P.3d 410 (quoting *United States v. Malcolm*, 432 F.2d 809, 812 (2d Cir. 1970)). Powell has failed to demonstrate that the trial court exceeded its discretion in determining that his pleas were knowing and voluntary under the circumstances of this case.

¶6     Powell argues that his interaction with the trial court was too limited for the court to have adequately assessed his mental state. Thus, according to Powell, the trial court erred in relying on its own observations of Powell's demeanor at the plea hearing as a basis for concluding that Powell's pleas were knowing and voluntary. We disagree. Even assuming that the trial court's interactions with Powell were too limited for the court to conclude that he was unimpaired,[1] when taken in conjunction with Powell's representations and his counsel's observations the trial court could have reasonably concluded that Powell understood and appreciated the charges, his rights, and the consequences of his pleas. Although Powell's responses to the trial court's questions were mostly brief, he twice sought clarification when he did not understand something the court was explaining. Furthermore, Powell's counsel, having spent time reviewing the plea statement with Powell just prior to the

---

1. Although a judge must "pursue a meaningful engagement with a defendant during the plea colloquy" when "faced with the defendant's possible drug impairment in a plea hearing," *Oliver v. State*, 2006 UT 60, ¶ 8, 147 P.3d 410, the judge in this case had no reason to suspect that Powell might be impaired. Powell himself assured the court that he had not taken any drugs, alcohol, or medication prior to the hearing, and the court observed nothing in Powell's demeanor that suggested impairment. Thus, to the extent Powell's argument suggests that the trial court had an obligation to engage in a more meaningful assessment of his competence at the time of the plea hearing under the circumstances of this case, we reject that argument.

hearing, informed the court that he believed Powell "understands what he's doing today, and is knowingly and voluntarily entering his plea." Finally, Powell himself denied being "under the influence of any alcohol, drugs, or prescription medication" or having "any physical or mental condition that would impair [his] judgment or [his] thinking." "While the defendant's own assurances of his capacity are not conclusive, [c]ourts have commonly relied on the defendant's own assurance (and assurances from counsel) that the defendant's mind is clear." *Id.* ¶ 13 (alteration in original) (citation and internal quotation marks omitted).

¶7     Furthermore, the evidence Powell presented in support of his claim that he was impaired by medication was thin, at best. "[T]he use of [medication] does not per se render a defendant incompetent . . . to plead guilty. It is, of course, the drug's effect and not the mere presence of the drug that matters." *Id.* ¶ 7 (citation and internal quotation marks omitted). The jail printout and the PDR printouts indicated only that Powell had taken medications and that the medications have the potential to cause mental impairment. They do not constitute objective evidence that Powell was actually suffering from a mental impairment as a result of taking the medications.

¶8     As the trial court observed, the only evidence of how the medications affected Powell was his own "self-serving" affidavit. And even the affidavit speaks only in general terms without actually explaining how the medications affected Powell specifically: "[I]t is my belief that [at the time of the plea hearing,] I was still suffering from the effects of those prescriptions to where I was unaware or could not appreciate what I was doing." In light of Powell's representation to the court that he was not impaired and the fact that neither the trial court nor Powell's attorney observed anything that led them to question Powell's mental capacity at the plea hearing, Powell's later general representation that his medications affected his

ability to understand the proceedings is highly questionable. Thus, the trial court did not exceed its discretion in determining that Powell's pleas were knowing and voluntary, despite the evidence Powell submitted.

¶9    Accordingly, we affirm the trial court's denial of Powell's motion to withdraw his guilty pleas.

——————————