**2019 UT App 102**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
MICHAEL JOHN CICCOLELLI,
Appellant.

Opinion
No. 20180039-CA
Filed June 13, 2019

Third District Court, Salt Lake Department
The Honorable Ann Boyden
No. 171904131

Andrea J. Garland and Isaac E. McDougall,
Attorneys for Appellant

Sean D. Reyes and Lindsey L. Wheeler, Attorneys
for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and RYAN M. HARRIS
concurred.

POHLMAN, Judge:

¶1     Michael John Ciccolelli pleaded guilty to charges relating to his receipt of stolen property, unlawful possession of a firearm, and driving under the influence. He later sought to withdraw his guilty pleas, claiming that they were not knowingly and voluntarily made because he was under the influence of drugs at his plea hearing. The district court denied his motion to withdraw. Ciccolelli appeals, and we affirm.

## BACKGROUND

¶2      After receiving a welfare call on January 25, 2017, police officers found Ciccolelli in his car with drug paraphernalia in plain view. The officers searched the vehicle and found a stolen handgun in the center console. Ciccolelli also admitted to the officers that he had recently used marijuana and opioids and had been driving.

¶3      Ciccolelli was charged with theft by receiving stolen property, possession of a firearm by a restricted person, driving under the influence, and possession of drug paraphernalia. Ciccolelli was arrested and booked into jail on June 23, 2017, and a hearing was scheduled for July 3, 2017.

¶4      At the July 3 hearing, Ciccolelli pleaded guilty to the first three charges.[1] In exchange, the State dropped the fourth charge. The district court conducted the following colloquy with Ciccolelli:

> The Court: Okay. All right, Mr. Ciccolelli, are you thinking clearly right now?
>
> Ciccolelli: Yes, ma'am.
>
> The Court: Have you been able to go over all of this with [your attorney]?
>
> Ciccolelli: Yes, ma'am.
>
> The Court: You're going to be giving up a lot of rights in this hearing today if you accept this offer because you're still at the early stages. Are you

---

1. The first count was reduced to attempted theft by receiving stolen property.

taking any medication or anything that would affect that?

Ciccolelli: No, ma'am.

. . . .

The Court: Are you ready to accept this offer, change your plea and move on towards the sentencing?

Ciccolelli: Yes, Your Honor.

¶5 To finalize the plea agreement, Ciccolelli was invited by the court to sign a statement (the Plea Statement). Under the heading "Defendant's Certification of Voluntariness," the Plea Statement provided:

> I [Ciccolelli] am entering this plea of my own free will and choice. . . .
>
> I have read this statement, or I have had it read to me by my attorney, and I understand its contents and adopt each statement in it as my own. . . .
>
> I was not under the influence of any drugs, medication, or intoxicants which impair my judgment when I decided to plead guilty. I am not presently under the influence of any drug, medication, or intoxicants which would impair my judgment.
>
> I believe myself to be of sound and discerning mind and to be mentally capable of understanding these proceedings and the consequences of my plea. I am free of any mental disease, defect, or impairment that would prevent me from

> understanding what I am doing or from knowingly, intelligently, and voluntarily entering my plea.

¶6    Not one month later, Ciccolelli moved to withdraw his guilty pleas. In his written motion, he argued that "he was not thinking clearly on July 3, 2017 as he was still under the influence of drugs or alcohol consumed prior to his booking on June 23, 2017." At the plea-withdrawal hearing, Ciccolelli again stated that he "did not understand the thing [his] attorney had been explaining to [him] throughout that whole process due to the large amounts of drugs that [his] mind and body were coming off of." Ciccolelli did not identify what drugs he had consumed or when precisely he took them. He also did not present the court with any evidence to support his claim that his ability to understand the plea agreement was adversely affected by his prior drug use.

¶7    The district court denied the motion. It viewed Ciccolelli's motion to withdraw as being "based on the fact that [he] believe[s] that [he was] still under the influence of drugs 10 days or so—many days after [he] had been arrested—and . . . that, therefore, the plea[s] could not have been knowing and voluntary." The court then noted that before it accepted his guilty pleas, it "asked [Ciccolelli] specifically if [he was] under the influence of any alcohol or drugs" and "if [he] understood what was happening." The court stated that "at no time did [Ciccolelli] indicate that [he] did not understand" the plea agreement and that Ciccolelli "signed the statement" after he "went through it carefully, paragraph by paragraph and agreed before [he] entered the plea[s] that every paragraph was true." The court found that what Ciccolelli said during the plea hearing was "more persuasive and more credible" than what he argued in his motion to withdraw. Further, it found that there "were no indications that [Ciccolelli was] under the influence of alcohol or drugs at the time that [he] entered into the plea[s]." Accordingly, the court denied Ciccolelli's motion to withdraw his guilty pleas.

¶8    After ordering a presentence investigation report, the court sentenced Ciccolelli to two concurrent prison terms not to exceed five years. Ciccolelli appeals.

ISSUE AND STANDARD OF REVIEW

¶9    Ciccolelli contends that the district court should have granted his motion to withdraw his guilty pleas because "he demonstrated that he did not enter knowing and voluntary pleas." We will reverse a district court's "ruling on a motion to withdraw a guilty plea only when we are convinced that the court has abused its discretion." *State v. Beckstead*, 2006 UT 42, ¶ 7, 140 P.3d 1288. And we will disturb the court's underlying findings of fact "only if they are clearly erroneous." *Id.*; *see also State v. Smith*, 2018 UT App 144, ¶ 19, 427 P.3d 1251.

ANALYSIS

¶10    A guilty plea "may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made." Utah Code Ann. § 77-13-6(2)(a) (LexisNexis 2017). The burden of proof is on the defendant who "must show either that he did not in fact understand the nature of the constitutional protections that he was waiving by pleading guilty, or that he had such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *State v. Alexander*, 2012 UT 27, ¶ 23, 279 P.3d 371 (cleaned up).

¶11    Ciccolelli has not met his burden of showing how drugs he allegedly used at least ten days before the plea hearing affected his ability to understand the consequences of pleading guilty. Ciccolelli confirmed at the plea hearing that he was "thinking clearly" and not "taking any medication or anything" that would affect his ability to understand the proceedings. And in the Plea Statement, he represented that he "was not under the influence of any drugs, medication, or intoxicants which would

impair [his] judgment" and that he was "of sound and discerning mind." Although "the defendant's own assurances of his capacity are not conclusive, courts have commonly relied on the defendant's own assurance . . . that the defendant's mind is clear." *Oliver v. State*, 2006 UT 60, ¶ 13, 147 P.3d 410 (cleaned up). And we discern no error in the district court's reliance on Ciccolelli's assurances that he was of clear mind when entering his guilty pleas.[2]

¶12 But even if we were to conclude that Ciccolelli's assurances were inconclusive, the use of drugs alone does not render him incompetent. *See id.* ¶ 7 ("The use of narcotics [or other substances] does not per se render a defendant incompetent to stand trial, nor, presumably, to plead guilty." (cleaned up)). Instead, it is "the drug's *effect* and not the mere presence of the drug that matters." *Id.* (emphasis added). Both the Utah Supreme Court and this court have upheld a district court's determination that a plea was knowing and voluntary despite the defendant later claiming to have been under the influence of drugs or alcohol. *Id.* ¶ 15 (upholding a district court's determination that a defendant who had taken psychotropic drugs was still able to make a knowing and voluntary plea); *State v. Beckstead*, 2006 UT 42, ¶ 21, 140 P.3d 1288 (upholding a district court's determination that a defendant who had consumed alcohol nonetheless entered a knowing and

---

2. Ciccolelli contends that "the [district] court had actual knowledge of [his] potential for impairment" because the court knew that Ciccolelli was a drug user and therefore should have inquired further into his drug use. This argument cuts too broadly. Under *Oliver v. State*, 2006 UT 60, 147 P.3d 410, a court has a duty to "inquire further" "when *the defendant confirms* that he has recently taken a drug." *Id.* ¶ 10 (emphasis added). Here, Ciccolelli affirmed that he was "thinking clearly" and not taking "any medication or anything" that would affect his ability to plead guilty.

voluntary plea); *State v. Powell*, 2015 UT App 250, ¶¶ 7–8, 361 P.3d 143 (upholding a district court's determination that a defendant's guilty pleas were knowing and voluntary despite evidence that the defendant had taken drugs that morning).

¶13 As these and other cases demonstrate, to withdraw a guilty plea a defendant must show how his or her ability to understand the plea agreement was impaired. *State v. Smith*, 2018 UT App 144, ¶¶ 33, 38, 427 P.3d 1251 (holding that a defendant had not met his burden in demonstrating that his pleas were not knowing and voluntary); *State v. Collins*, 2015 UT App 214, ¶ 9, 359 P.3d 664 (same); *State v. Martinez*, 2014 UT App 153, ¶ 3, 330 P.3d 759 (per curiam) (same). General assertions that a defendant did not understand the plea agreement, without supporting evidence, are not sufficient. *Powell*, 2015 UT App 250, ¶ 8. And even if a plea colloquy is "far from the model colloquy envisioned by rule 11 [of the Utah Rules of Criminal Procedure]," the burden remains on the defendant to show how his guilty pleas were not knowingly and voluntarily made. *Smith*, 2018 UT App 144, ¶¶ 34, 37–38.

¶14 Here, Ciccolelli provided no evidence of what drugs he used, when he used them, how long they would have stayed in his system, or how they would have affected his competency. He asserts for the first time on appeal that withdrawal from (unspecified) drugs "can last weeks or even months" and lists a wide range of symptoms that may occur "[d]epending on the drug used." However, he has never explained (much less proved) what symptoms *he* experienced or whether those hypothetical symptoms would be serious enough to affect his ability to understand the nature and consequences of his guilty pleas. That is, Ciccolelli provided no "objective evidence" that he was "actually suffering from a mental impairment as a result of taking" drugs. *See Powell*, 2015 UT App 250, ¶ 7. Rather, as in *Powell*, the only evidence Ciccolelli can identify in the record is his self-serving statements that "he was not thinking clearly" and "did not understand the thing [his] attorney had been

explaining." *See id.* ¶ 8. Unfortunately for Ciccolelli, "[t]his falls far short of carrying his burden of establishing that, during the [plea] hearing, he did not understand either the charges against him or the constitutional protections he was waiving by pleading guilty." *See Collins*, 2015 UT App 214, ¶ 9; *see also Smith*, 2018 UT App 144, ¶ 38; *Powell*, 2015 UT App 250, ¶ 8.

CONCLUSION

¶15 For the foregoing reasons, we conclude that the district court did not abuse its discretion when it denied Ciccolelli's motion to withdraw his guilty pleas. The district court's ruling is therefore affirmed.

———————