2011 UT App 124

**STATE of Utah, Plaintiff and Appellee,**

v.

**Mark K. SMITH, Defendant and Appellant.**

No. 20060672–CA.

Court of Appeals of Utah.

April 21, 2011.

Scott L. Wiggins, Salt Lake City, for Appellant.

Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Mark K. Smith appeals from his sentence after pleading guilty to various crimes. Smith asserts that the district court erred by relying on Utah Code section 77–13–6(2) to determine the time period in which Smith could file a withdrawal of his plea instead of the time period set forth in Smith's plea statement in support of his guilty plea. We lack jurisdiction to review the issue.

¶ 2 Smith was charged with various crimes in four separate cases. On March 30, 2006, Smith entered into a global plea deal with the State to resolve all four cases. Smith waived the time for sentencing and, accordingly, was sentenced that day. Smith later filed a letter with the court requesting that he be allowed to withdraw his plea. At the time Smith entered into the plea agreement, Utah Code section 77–13–6(2)(b) stated that "[a] request to withdraw a guilty plea ... shall be made by motion before the sentence is announced." Utah Code Ann. § 77–13–6(2)(b) (2008).[1] However, a provision in Smith's statement in support of his plea stated: "I understand that if I want to withdraw my guilty plea, I must file a written motion to withdraw my plea within 30 days after I have been sentenced and final judgment has been entered."

¶ 3 Utah Code section 77–13–6(2) is jurisdictional. *See State v. Tenorio,* 2007 UT App 92, ¶ 7, 156 P.3d 854. Accordingly, if a motion to withdraw a guilty plea is not filed prior to sentencing, this court does not have jurisdiction over a direct appeal to review the validity of the plea. *See State v. Merrill,* 2005 UT 34, ¶¶ 13–20, 114 P.3d 585; *see also* Utah Code Ann. § 77–13–6(2)(c) ("Any challenge to a guilty plea not made within the

---

1. The 2008 amendments to the statute merely made a technical change to the rule to reflect the recodification of the Post–Conviction Remedies Act, which is referenced in the statute.

time period specified in Subsection (2)(b) shall be pursued under Title 78B, Chapter 9, Post–Conviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure."). Therefore, because Smith did not file a motion to withdraw his plea until after his sentence was announced, this court lacks jurisdiction to review Smith's claim and has no choice but to dismiss the appeal.[2] *See Merrill,* 2005 UT 34, ¶ 20, 114 P.3d 585. If Smith seeks to challenge the timeliness of his request to withdraw his plea, he must do so pursuant to Utah Code section 77–13–6(2)(c).

¶ 4 Accordingly, we dismiss the appeal.

---

2. We express no opinion as to whether we would have jurisdiction to review a due process argument based upon the unique facts in this case because Smith has not raised that issue on appeal.