2011 UT App 321

**STATE of Utah, Plaintiff and Appellee,**

v.

**Robert FERRETTI, Defendant and Appellant.**

No. 20100188–CA.

Court of Appeals of Utah.

Sept. 22, 2011.

David M. Perry, Logan, for Appellant.

Mark L. Shurtleff and Karen A. Klucznik, Salt Lake City, for Appellee.

Before Judges McHUGH, ORME, and THORNE.

OPINION

THORNE, Judge:

¶ 1 Robert Ferretti appeals from the district court's denial of his motion to withdraw his guilty plea to a charge of murder, a first degree felony, see generally Utah Code Ann. § 76–5–203 (Supp.2011). We reverse the district court's denial of Ferretti's motion and remand with instructions to allow Ferretti and his counsel a reasonable amount of time in which to file a written motion to withdraw and memorandum in support thereof.

BACKGROUND

¶ 2 On November 8, 2008, the body of Tiffany Jarmon was found in Logan Canyon with a gunshot wound to the head. A pre-

liminary investigation led police to suspect that Ferretti was involved in Jarmon's death. Subsequent investigation found Jarmon's blood in Ferretti's automobile. When police attempted to contact Ferretti, they found that he had left the area, apparently in haste. In March 2009, an associate of Ferretti's contacted the Cache County Sheriff's Office and informed it that Ferretti had spoken to him about shooting Jarmon. An arrest warrant was issued for Ferretti, and he was subsequently arrested during a traffic stop in Colorado.

¶ 3 On March 17, 2009, the State charged Ferretti with murder and obstruction of justice. On January 11, 2010, pursuant to a plea bargain, Ferretti pleaded guilty to the charge of murder. Under the terms of the plea bargain, the State agreed to drop the obstruction of justice charge in exchange for Ferretti's guilty plea on the murder charge. At or shortly before his change of plea hearing, Ferretti completed and signed two documents, a Notice of Plea Bargain Rule 11 Waiver/Statement of Facts (the Notice), and a Statement of Defendant in Support of Guilty Plea and Certificate of Counsel (the Statement).

¶ 4 Both the Notice and the Statement described the rights that Ferretti would be waiving by pleading guilty and stated a general factual basis for the murder charge. However, the two documents conflicted as regards the time limits for Ferretti to withdraw his plea. The Notice stated, "I understand that I may request to withdraw my guilty plea any time prior to sentencing or forfeit the right to do so." By contrast, the Statement stated, "I understand that if I want to withdraw my [guilty plea], I must file a written motion to withdraw my plea[ ] within 30 days after I have been sentenced and final judgment has been entered.... I will not be allowed to withdraw my plea after 30 days for any reason."

¶ 5 At the change of plea hearing, the district court conducted a rule 11 colloquy with Ferretti, *see generally* Utah R.Crim. P. 11, confirming that he understood the elements of murder, understood he was admitting to intentionally or knowingly causing Jarmon's death, and understood all of the

trial rights he was giving up by pleading guilty. The district court also revisited the plea withdrawal timing issue, asking Ferretti, "[D]o you understand that you may request to withdraw your guilty plea at any time prior to sentencing or forfeit the right to do so?" Ferretti responded, "Yes." The district court then accepted Ferretti's guilty plea without expressly addressing the conflict between the Notice and the Statement.

¶ 6 Before the conclusion of the change of plea hearing, Ferretti addressed the district court and expressed that he "never intended initially for Ms. Jarmon to die." The following colloquy then occurred:

THE COURT: Did you knowingly and intentionally take her life, Mr. Ferretti?

MR. FERRETTI: I have trouble saying yes, I did. I was under the influence of alcohol and drugs at the time and we were in an argument.

THE COURT: Mr. Ferretti, I understand that, but by so stating and we've already gone over all of this, but I'm going to go over it again, in order for me to accept your plea, I understand that you were under the influence of drugs or alcohol, but when you committed the act that you did by shooting her in the head, did you understand that that would be—that you would be taking her life?

MR. FERRETTI: Yes.

The district court then reaffirmed that it was accepting Ferretti's guilty plea.

¶ 7 At the commencement of his February 10, 2010 sentencing hearing, Ferretti announced that he wanted to withdraw his plea. Ferretti's counsel was unaware of Ferretti's desire to withdraw his plea until the morning of the hearing. The district court explained to Ferretti that such a request had to be set forth in a motion and granted him two weeks to confer with counsel and file a motion articulating the reasons for withdrawing his guilty plea. Ferretti's counsel then stated that he would "make a verbal motion ... and then we would buttress that with—with a written motion." The district court concluded, "All right. Well, [Ferretti] has the right to make that motion and I'm going to accept the verbal—oral motion to withdraw to be

followed up by a written motion." The district court and the parties then discussed some scheduling matters, and the court held a short recess.

¶ 8 Upon returning from the recess, the State made an oral motion requesting that the court require Ferretti to articulate a good faith basis for why he believed he should be allowed to withdraw his plea. Over defense counsel's objection, the district court granted the State's motion and required that Ferretti himself articulate a good faith basis for withdrawing his plea.[1] Ferretti asserted that his plea was not made knowingly and voluntarily because he did not, in fact, knowingly or intentionally cause Jarmon's death. The district court proceeded to question Ferretti on the basis for withdrawal of his plea, and specifically on his statements at the change of plea hearing that he did knowingly or intentionally kill Jarmon. After the questioning, the district court denied Ferretti's motion, finding that he had "not been able to articulate a good faith basis as to why his plea was not knowingly and voluntarily made at the time."

¶ 9 Prior to proceeding to sentencing, the district court held another recess. Upon returning, the district court clarified that its ruling was based solely on its determination that Ferretti's guilty plea was knowing and voluntary and not on any consideration that the victim's family had traveled in for the sentencing. Defense counsel then made a motion to continue sentencing, arguing that the district court's denial of the withdrawal motion deprived Ferretti of "due process under the, at least the Sixth Amendment, effective right of—of counsel" and that counsel should be allowed to "argue, after counsel has had adequate time to prepare, review the record and—and make meaningful arguments to the [c]ourt as to what grounds he may be proceeding under to withdraw his plea." The district court denied the motion

to continue and sentenced Ferretti to fifteen years to life in prison. Ferretti now appeals.

## ISSUES AND STANDARD OF REVIEW

¶ 10 On appeal, Ferretti argues that (1) the district court erred in denying his motion to withdraw his guilty plea because it was not knowing and voluntary; (2) the district court erred in requiring him to personally articulate his own reasons for withdrawing his guilty plea; and (3) he should be allowed to withdraw his plea because the State failed to send a mitigating letter to the parole board in a timely fashion as required by the terms of the parties' plea bargain.[2] We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *See generally State v. Beckstead*, 2006 UT 42, ¶ 7, 140 P.3d 1288.

## ANALYSIS

¶ 11 On appeal, Ferretti raises two substantive arguments as to why he should be allowed to withdraw his guilty plea. However, we decline to address those arguments because we agree with Ferretti that he and his counsel should have been allowed a reasonable amount of time to prepare a written motion to withdraw. Accordingly, we reverse the district court's denial of Ferretti's oral motion and remand for further proceedings consistent with this opinion.

 ¶ 12 Ferretti argues that his due process rights were violated when he and his counsel were not allowed a reasonable time in which to prepare and support a written motion to withdraw. We agree. "Procedural due process requires, [a]t a minimum, timely and adequate notice *and an opportunity to be heard in a meaningful way*." *McBride v. Utah State Bar*, 2010 UT 60, ¶ 16, 242 P.3d 769 (alteration in original) (emphasis added) (internal quotation marks

---

1. Upon defense counsel's objection that Ferretti should not be required to personally state a basis for his request, the State responded that it had no objection to defense counsel making the showing on Ferretti's behalf. However, defense counsel declined, citing the extremely short notice and lack of time to confer with Ferretti and adequately prepare.

2. This issue has not been preserved in the district court because the State's alleged breach of the plea agreement did not occur until after this appeal had been initiated. On remand, Ferretti may raise this argument in his written motion, along with any other argument that may be identified by counsel.

omitted). "In our judicial system, except in extraordinary circumstances ..., all parties are entitled to ... an opportunity to present evidence and argument on [an] issue before decision." *Plumb v. State*, 809 P.2d 734, 743 (Utah 1990).

¶ 13 Here, Ferretti made a timely oral motion to withdraw his plea and requested additional time to prepare a written motion with the assistance of counsel. Ferretti's counsel, who was informed of Ferretti's desire to withdraw his plea immediately prior to the sentencing hearing, stated to the district court,

> I, quite frankly, haven't had the time to go through [determining the possible basis for a withdrawal motion], and I—in all candor, in speaking with him, I'm not exactly sure what the foundation of that argument would be with regards to withdrawing his guilty plea. We spoke briefly, for ten minutes, in the holding cell about the foundation and the legal requirements that are needed to make that withdrawal of plea and I kind of explained to him what needed to happen. He did have some concerns about him entering the plea, about how the plea was—was treated, about information that's come up since the plea was entered. But at this time, I'm not prepared to argue a motion to withdraw the plea, but I do think it would be a more prudent course of action to allow him time, with the aid of counsel, to prepare a formal motion, if, in fact, one is warranted in this case.

The district court acknowledged that Ferretti's counsel had just found out that Ferretti desired to withdraw his plea, but at the State's request nevertheless required Ferretti to personally identify a good faith basis for seeking withdrawal. Ferretti asserted to the court that he did not, in fact, knowingly or intentionally cause Jarmon's death despite his admission to doing so at the earlier change of plea hearing. After reviewing Ferretti's admissions at that hearing, the district court denied Ferretti's motion—and counsel's renewed request for additional time—on the grounds that "Ferretti has not been able to articulate a good faith basis as to why his plea was not knowingly and voluntarily made at the time."

¶ 14 Under the circumstances, the district court's refusal to allow Ferretti and his counsel additional time to research and prepare a written motion denied Ferretti the "opportunity to be heard in a meaningful way." *See McBride*, 2010 UT 60, ¶ 16, 242 P.3d 769 (internal quotation marks omitted). The district court was correct when it initially noted that "[Ferretti] has the right to make that motion." Further, in light of the conflicting documents that Ferretti signed prior to entering his plea,[3] Ferretti could reasonably believe (1) that he could withdraw his plea, or at least initiate that process, merely by requesting withdrawal and (2) that such request could be made up to thirty days *after* he was sentenced. In light of these provisions, Ferretti's pre-sentencing request to withdraw his plea and for a short period of time to prepare and support a written motion was not unreasonable.

¶ 15 We do not necessarily disagree with the district court that Ferretti did in fact fail to articulate a valid basis upon which to withdraw his plea at the sentencing hearing. However, there may be a number of plausible legal arguments to be made for allowing the withdrawal of Ferretti's plea, *see, e.g., State v. Alexander*, 2009 UT App 188, ¶¶ 10–13, 214 P.3d 889 (allowing withdrawal of plea where district court did not ensure the defendant's understanding of the elements of the crime to which he pleaded guilty), and neither Ferretti nor his counsel could reasonably be expected to identify and effectively

---

**3.** The Statement's provision allowing Ferretti to move to withdraw his plea within thirty days after sentencing also conflicts with Utah Code section 77–13–6, which provides that "[a] request to withdraw a plea of guilty ... shall be made by motion *before* sentence is announced." Utah Code Ann. § 77–13–6(2)(b) (2008) (emphasis added); *see also State v. Smith*, 2011 UT App 124, ¶¶ 2–3 & n. 2, 251 P.3d 872 (per curiam) (suggesting that the statute prevails over conflict-ing provisions in a plea agreement but declining to address the unraised issue of whether the appellate courts would have jurisdiction to consider whether such a result violates a defendant's due process rights). We do not address the legal consequences of this conflict in this case because Ferretti did, in fact, move to withdraw his plea prior to the announcement of his sentence and his motion was therefore timely under both the Statement and section 77–13–6.

make those arguments on such short notice. Even under the most restrictive reading of his plea bargain, Ferretti could "request to withdraw [his] guilty plea at any time prior to sentencing." Having done so, Ferretti and his counsel were entitled to a reasonable amount of time in which to identify, develop, and brief the legal grounds for withdrawing the plea.

¶ 16 We acknowledge that the governing statute potentially allows criminal defendants the ability to postpone their sentencing hearings at the eleventh hour,[4] possibly resulting in cost and inconvenience to the State, witnesses and victims, and the administration of the district court's docket. However, pursuant to both the terms of Ferretti's plea deal and the governing statute, Ferretti's motion to withdraw was timely. The district court's requirement that Ferretti personally identify valid legal grounds for withdrawal at the time of making his request compromised his rights both to effective assistance of counsel and to the meaningful opportunity to identify and provide grounds for withdrawal. Accordingly, we hold that the district court exceeded its permitted discretion when it failed to continue Ferretti's sentencing to allow for adequate briefing in support of his plea-withdrawal request.

## CONCLUSION

¶ 17 We agree with Ferretti that the district court erred by not allowing him and his counsel a reasonable amount of time to prepare a written motion articulating the reasons why he should be allowed to withdraw his plea. Accordingly, we vacate Ferretti's sentence and the district court's denial of his oral motion. We remand this matter with instructions that the district court allow Ferretti and his counsel a reasonable amount of time in which to prepare a written motion to withdraw Ferretti's guilty plea and that it conduct such additional proceedings as may be necessary to address that motion.

4. In addition to allowing defendants to file motions to withdraw up until the announcement of sentence, Utah Code section 77–13–6(2)(b) also

¶ 18 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and GREGORY K. ORME, Judge.

provides that "[s]entence may not be announced unless the motion [to withdraw plea] is denied." Utah Code Ann. § 77–13–6(2)(b).