**2017 UT App 70**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
AMELIA SUZANNE HOFFMAN,
Appellant.

Per Curiam Opinion
No. 20150894-CA
Filed April 27, 2017

Third District Court, Salt Lake Department
The Honorable Royal I. Hansen
No. 141905983

Debra M. Nelson and Jessica A. Jacobs, Attorneys
for Appellant

Sean D. Reyes and Thomas B. Brunker, Attorneys
for Appellee

Before JUDGES STEPHEN L. ROTH, KATE A. TOOMEY, and DAVID N.
MORTENSEN.

PER CURIAM:

¶1      Amelia Suzanne Hoffman appeals the sentence for her conviction of attempted possession of a controlled substance, a class A misdemeanor. We affirm.

¶2      Hoffman argues that the district court erred by ordering her to complete twelve months of supervised probation and requiring her to complete a substance abuse evaluation and recommended treatment, as well as requiring her to comply with the other standard terms and conditions of probation. Hoffman concedes that the issue she raises on appeal was not preserved. However, she asserts that the claims may be reached either under rule 22(e) of the Utah Rules of Criminal Procedure or

under the doctrine of plain error. She concedes that where an error is invited, it may not be reviewed under a claim of plain error. *See State v. Alfatlawi*, 2006 UT App 511, ¶ 26, 153 P.3d 804.

¶3 Hoffman was charged by information with possession or use of a controlled substance, a third degree felony. She entered a no contest plea to an amended charge of attempted possession or use of a controlled substance, a class A misdemeanor. Hoffman's defense counsel and the State jointly recommended that Hoffman serve "[twelve] months Salt Lake County probation," "that she obtain a substance abuse eval[uation] and do any recommended treatment, that she complete 50 hours of community service[,] and that she pay a $50 recoupment fee." The district court sentenced Hoffman to serve 365 days in jail and pay a fine of $4,625. The court then suspended the jail sentence and fine, placing Hoffman on twelve months of probation supervised by Salt Lake County Probation Services. The district court ordered Hoffman to obtain a substance abuse evaluation and to follow through with all recommended treatment within ninety days thereafter, to complete fifty hours of community service, and to pay a $50 recoupment fee. The district court also ordered Hoffman not to commit any new offenses, not to consume drugs or alcohol, not to be in places where drugs and alcohol were bought, sold, or used or in the company of persons who buy, sell, or use drugs and alcohol, and to submit to random drug testing. Hoffman responded "okay" after the district court imposed the probation conditions.

¶4 Hoffman's claim that the district court erred in imposing the sentence was not preserved for appeal. To establish plain error and obtain appellate review of an unpreserved claim, a defendant must show that "(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error [was] harmful." *Id.* ¶ 12 (first alteration in original) (citation and internal quotation marks omitted). However, the doctrine of plain error is not available to a party who has invited the error that he or she later seeks to raise on appeal. *See id.* ¶ 26 (stating

that under the invited error doctrine, a party cannot take advantage of an error committed at trial when that party led the trial court to commit the claimed error). The district court imposed the sentence that was jointly recommended by the State and the defense. Hoffman's brief provides no meaningful analysis of the claim that the district court plainly erred in imposing the sentence that was jointly recommended, along with other usual and customary conditions of probation. Instead, the brief describes Hoffman's subjective belief that placing her on probation supervised by Salt Lake County Probation Services, as opposed to placing her on unsupervised or court probation, was excessive. Because any claimed error in sentencing Hoffman in accordance with the joint recommendation or in imposing additional probation conditions without receiving any objection from the defense was invited, the plain error doctrine is not available to Hoffman. Thus, her claim of error will not be reviewed on the merits.[1]

---

1. In the recent case of *State v. Prater*, the Utah Supreme Court stated,

> We remind the appellate bar that counsel faced with trouble finding an argument that is not wholly frivolous may submit an *Anders* brief. The United States Supreme Court established in *Anders v. California* that appointed defense counsel must support an indigent client's appeal to the best of her ability to protect her client's constitutional rights to fair process and substantial equality. 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967). If, after a "conscientious examination" of a defendant's case, counsel finds the "case to be wholly frivolous," she should "so advise the court and request permission to withdraw." *Id.* at 744, 87 S. Ct. 1396. The withdrawal request must "be accompanied by a brief referring to anything in the

(continued…)

¶5    Finally, Hoffman argues that her claim on appeal may be reviewed under rule 22(e) of the Utah Rules of Criminal Procedure, which allows review of a claim raised for the first time on appeal that the sentence imposed was illegal. "While rule 22(e) allows a court to review an illegal sentence at any time, it must be 'narrowly circumscribed' to prevent abuse." *State v. Thorkelson*, 2004 UT App 9, ¶ 15, 84 P.3d 854 (quoting *State v. Telford*, 2002 UT 51, ¶ 5, 48 P.3d 228(per curiam)). An illegal sentence "generally occurs in one of two situations: (1) where the sentencing court has no jurisdiction, or (2) where the sentence is beyond the authorized statutory range." *Id.* Hoffman's challenge to her sentence involves neither of these situations. Without meaningful analysis, Hoffman argues that she "believes" that the sentence imposed by the district court was "fundamentally unfair and violative of due process" and must be vacated. Merely claiming that a sentence is "illegal" does not avoid preservation requirements for a "run-of-the-mill" challenge to a sentence. *See id.*; *see also State v. Jaeger*, 1999 UT 1, ¶ 31, 973 P.2d 404 (stating that rule 24(a)(9) of the Utah Rules of Appellate Procedure "'[i]mplicitly . . . requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority" (alternation and omission in original) (quoting *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998)).

¶6    Accordingly, we affirm.

—————

(…continued)
        record that might arguably support the appeal" and relevant legal authorities. *Id.* "A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses. . . ." *Id.*
*Prater*, 2017 UT 13, ¶ 43 n.7 (omission in original).