**2017 UT App 229**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
GREG PAUL SANCHEZ,
Appellant.

Per Curiam Opinion
No. 20170150-CA
Filed December 14, 2017

Fifth District Court, Beaver Department
The Honorable Paul D. Lyman
No. 161500029

Matt A. Munson, Attorney for Appellant

Sean D. Reyes and Jeanne B. Inouye, Attorneys
for Appellee

Before JUDGES MICHELE M. CHRISTIANSEN, DAVID N. MORTENSEN,
and RYAN M. HARRIS.

PER CURIAM:

¶1     Appellant Greg Paul Sanchez appeals the sentences imposed on two convictions of distributing, offering, or arranging to distribute a controlled substance, one a first degree felony and the other a second degree felony. We affirm.

¶2     This court reviews sentencing decisions for an abuse of discretion. *See State v. Neilson*, 2017 UT App 7, ¶ 15, 391 P.3d 398. A court abuses its discretion in sentencing "when [it] fails to consider all legally relevant factors or if the sentence imposed is clearly excessive." *State v. Monzon*, 2016 UT App 1, ¶ 8, 365 P.3d 1234 (alteration in original) (citation and internal quotation marks omitted). Abuse of discretion occurs only "if it can be said that no reasonable [person] would take the view adopted by the

[district] court." *State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167 (first alteration in original) (citation and internal quotation marks omitted).

¶3 Sanchez contends that the district court committed plain error when it sentenced him without obtaining a presentence investigation report (PSI). Sanchez concedes that this issue was not preserved and that Sanchez requested the district court to proceed with sentencing without the PSI. However, Sanchez argues that "[e]ven with Sanchez and his counsel asking the court to move forward on sentencing, it was plain error for the court to do so on what little information it had absent the PSI." To establish plain error and obtain review of an unpreserved claim, a defendant must show that "(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error there is a reasonable likelihood of a more favorable outcome for [Defendant]." *State v. Alfatlawi*, 2006 UT App 511, ¶ 12, 153 P.3d 804 (alterations in original) (citation and internal quotation marks omitted). However, the doctrine of plain error "is not available to a party who had invited the error that he or she later seeks to raise on appeal." *State v. Hoffman*, 2017 UT App 70, ¶ 4, 397 P.3d 789 (per curiam); *see also Alfatlawi*, 2006 UT App 511, ¶ 26.

¶4 Sanchez pleaded no contest to amended charges in three cases.[1] The record reflects that the district court ordered a PSI shortly after the change of plea hearing held on October 3, 2016. Sanchez subsequently sent a letter to the court stating an intention to withdraw his no contest pleas. In a November 16, 2016 letter, the assigned agent from Adult Probation and Parole

---

1. A related appeal was dismissed because this court lacked jurisdiction to consider claims related to the no contest pleas in the absence of a timely motion to withdraw the plea. *See* Order of Summary Dismissal, *State v. Sanchez*, Case No. 20170149-CA. In the present appeal, Sanchez raises a sentencing issue that this court has jurisdiction to consider.

(AP&P) stated the agent spoke to Sanchez on November 15, that Sanchez refused to complete the AP&P questionnaire, and that he "respectfully refused" to meet with the agent because he was seeking to withdraw his no contest pleas. Therefore, the agent stated that AP&P would not be able to complete the requested PSI before the sentencing scheduled for November 28, 2016. The minutes for that sentencing hearing reflect that sentencing was continued to allow Sanchez to hire new counsel. The court later found Sanchez to be indigent and appointed counsel.

¶5 At the sentencing hearing on February 13, 2017, Sanchez indicated that he no longer wished to withdraw his no contest pleas. Defense counsel stated that no PSI had been completed, attributing this fact to the retirement of the assigned agent. The court inquired, "So what do you want to do specifically today?" Through counsel, Sanchez asked "to proceed with sentencing at this point," without a PSI. The district court confirmed with Sanchez that this correctly represented his wish to proceed with sentencing. The district court then stated that it would accept the no contest pleas and proceeded with sentencing. The State requested the imposition of the statutory prison terms in each case and asked that the terms run consecutively. Defense counsel stated that it was anticipated by the agreement that Sanchez would be sentenced to prison, but he requested that the prison terms run concurrently with credit for time served. The district court sentenced Sanchez to prison terms of five-years-to-life on the first degree felony and zero-to-fifteen years on the second degree felony, to run concurrently, with credit for time served and all fines suspended. This is precisely the sentence Sanchez requested.

¶6 Sanchez cannot demonstrate that the district court committed plain error in sentencing him. Any error in proceeding without a PSI was invited by Sanchez when, in response to the district court's inquiry, he failed to request a continuance to obtain a PSI and instead asked to be sentenced without one. Nevertheless, Sanchez argues that the court should not have proceeded to sentence him without sufficient

information "regarding Sanchez's cases, criminal history, mental health issues and medical concerns." Even if the claimed error was not invited, Sanchez has not made a credible argument that the district court was not adequately informed of all relevant information. In the change of plea hearing, the district court was informed of the factual basis for the charges. In addition, there can be no credible argument that either Sanchez or his counsel was denied an opportunity to provide information or argument relevant to sentencing. *See State v. Wanosik*, 2003 UT 46, ¶ 25, 79 P.3d 937 (holding that under Utah Rule of Criminal Procedure 22(a), "trial courts have an affirmative duty to provide both [the defendant and counsel] an opportunity to address the court and present information relevant to sentencing before imposing sentence"). Sanchez did not argue in the district court that he should have been granted probation and asked only that any prison sentences run concurrently. Under the circumstances of this case, even if the claimed error had not been invited, any error in sentencing Sanchez to concurrent prison terms would not have been obvious to the district court and would not support a determination that the court plainly erred.

¶7    Accordingly, we affirm.

————————