2023 UT App 23

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
BRUCE CONWAY EDWARDS,
Appellant.

Opinion
No. 20210063-CA
Filed March 9, 2023

Second District Court, Ogden Department
The Honorable Camille L. Neider
No. 181902968

Emily Adams and Freyja Johnson,
Attorneys for Appellant

Sean D. Reyes and Karen A. Klucznik,
Attorneys for Appellee

JUDGE RYAN D. TENNEY authored this Opinion, in which JUDGES
GREGORY K. ORME and DAVID N. MORTENSEN concurred.

TENNEY, Judge:

¶1 After pleading no contest to one count of aggravated assault, Bruce Edwards requested and received a seven-week continuance of his sentencing so that he could confer with his counsel about potentially moving to withdraw his plea. Through no fault of Edwards's own, that seven-week continuance stretched into four months. When the delayed sentencing hearing later began, however, Edwards requested an additional continuance—this time for 24 hours—so that he could prepare a written motion to withdraw the plea. The court denied the motion and sentenced Edwards that same day.

¶2     Edwards now raises two issues on appeal. First, he argues that the court abused its discretion when it denied his request for an additional 24-hour continuance. Second, Edwards argues that the court erred by not making findings about some alleged inaccuracies in his presentence investigation report (PSR). For the reasons set forth below, we affirm the court's decision to deny the continuance, but we reverse on the PSR issue and remand for additional findings.

BACKGROUND

¶3     Edwards was charged with aggravated kidnapping, obstruction of justice, aggravated assault, and damage to or interruption of a communication device. The charges stemmed from an incident in which Edwards allegedly attacked and detained a prior roommate.

¶4     After several continuances, Edwards entered a not guilty plea, and his trial was scheduled for early 2020. The district court struck the trial dates when Edwards obtained new counsel, however, and Edwards and the State soon agreed to a plea bargain. In February 2020, Edwards entered a no contest plea to aggravated assault in exchange for the State dismissing the remaining charges.[1]

---

1. The plea agreement stated that Edwards was entering an "*Alford* plea," and at the change of plea hearing, Edwards repeatedly expressed this understanding too. An "*Alford* plea is a type of guilty plea in which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty." *State v. Walton*, 2019 UT App 187, ¶ 1 n.1, 455 P.3d 1066 (quotation simplified). But at the change of plea hearing and in the written minutes, the district court chose to accept the plea as being a "no

(continued…)

¶5 The district court initially scheduled a sentencing hearing for April 2020, but the court later pushed sentencing back to August 31, 2020, due to the COVID-19 outbreak. At that August sentencing hearing, Edwards's counsel informed the court that "Edwards had talked to [him] about possibly attempting to withdraw the plea." Counsel accordingly requested a continuance of sentencing so that he could confer with Edwards about "what the result might be and whether or not he actually wants to do that." The State objected to the request, noting that the "plea was entered back in February, and it's been continued several times." The district court granted the request, however, so that counsel could "assess" and "advise[]" Edwards about whether there were

---

contest" plea. A no contest plea is commonly understood as being a plea in which the defendant concedes that the State has "sufficient evidence to prove the elements" of the offense in question. *State v. Hedgcock*, 2019 UT App 93, ¶ 20, 443 P.3d 1288.

Edwards's principal argument on appeal is that he should have been granted an additional continuance before sentencing to file a written motion to withdraw his plea. In the prejudice portion of that argument, Edwards claims that he could have shown that his lack of knowledge about whether the plea was an *Alford* plea or instead a no contest plea rendered the plea unknowing. For its part, however, the State maintains that there is no difference between the two and that this provided no basis for withdrawing the plea.

We have no need to determine whether there is indeed any such difference. As detailed in Part I, the court was not required to grant Edwards any additional time to prepare a written motion to withdraw his plea. Because Edwards has provided no other basis for withdrawing the plea, the plea accordingly stands.

We also note that a no contest plea and an *Alford* plea both result in a conviction. *See, e.g.*, Utah Code § 77-13-2(3); *State v. Archuleta*, 2019 UT App 136, ¶ 5 n.2, 449 P.3d 223. In light of this, and for ease of reference, we'll refer to the plea as being a no contest plea throughout this opinion.

"grounds to withdraw the plea." The court scheduled a new hearing for late October (a delay of about seven weeks), and the hearing was later postponed again until late December 2020 (in part because Edwards had been experiencing health issues).

¶6 At the outset of the December sentencing hearing, Edwards requested another continuance based on his concerns about a letter the victim had recently written to the court in advance of sentencing. After the State objected, the district court denied the request, noting that Edwards was not required to "have notice of a victim's statement" before sentencing. Edwards's counsel then informed the district court that Edwards wanted to withdraw the plea. Counsel stated that he "was just given notice of this—specific notice of this, this morning right before 9:30 a.m." and said that he had "not had time" to "formally file a motion in writing with the Court." Counsel then asked the court to give him 24 hours to "formally file a motion in writing." The State objected to this request too, arguing that there was no good faith basis for withdrawing the plea.

¶7 The court construed the comment from Edwards's counsel as being an oral motion to withdraw the plea. The court then denied the motion, ruling that Edwards had provided no basis for withdrawing the plea and accepting the State's representation that the plea was knowingly and voluntarily entered.

¶8 The court also denied Edwards's request for additional time to prepare a written motion to withdraw the plea. The court noted that at the August sentencing hearing, Edwards's counsel had requested a continuance for the same reason—i.e., so that he could "file a motion to withdraw the plea." Because Edwards had already had "since August 31, 2020," to prepare the motion, the court declined to give him any additional time to file a written motion.

¶9 Moving past the continuance and plea withdrawal issues, Edwards's counsel identified several alleged inaccuracies in

the PSR. The court did not make findings about the alleged inaccuracies, nor did it grant time for the parties to resolve the alleged inaccuracies. The court then sentenced Edwards to a suspended prison sentence on the aggravated assault conviction.

¶10    Edwards timely appealed.

## ISSUES AND STANDARDS OF REVIEW

¶11    Edwards first argues that the district court abused its discretion when it denied his oral motion to withdraw his plea without granting him a continuance to allow his counsel time to file a formal written motion. We overturn a sentencing court's ruling on a motion to withdraw a plea "only when we are convinced that the court has abused its discretion." *State v. Beckstead*, 2006 UT 42, ¶ 7, 140 P.3d 1288. To the extent that Edwards's challenge turns on the court's failure to continue sentencing, that decision is likewise reviewed for an abuse of discretion. *See State v. Sharp*, 2021 UT App 90, ¶ 23, 498 P.3d 9.

¶12    Edwards next argues that the court erred when it failed to resolve the alleged inaccuracies in the PSR. "Whether the trial court properly complied with a legal duty to resolve on the record the accuracy of contested information in sentencing reports is a question of law that we review for correctness." *State v. Irey*, 2017 UT App 178, ¶ 5, 405 P.3d 876 (quotation simplified).

## ANALYSIS

### I. Request for Plea Withdrawal

¶13    As noted, the district court construed the statements from Edwards's counsel as an oral motion to withdraw the plea, and it then denied that motion from the bench. The court also denied the

request from Edwards's counsel for an additional 24 hours in which to prepare a written motion to withdraw the plea. On appeal, Edwards does not challenge the denial of his oral motion on substantive grounds—i.e., Edwards does not argue that he demonstrated at the hearing that his plea was unknowing or involuntary. *Cf.* Utah Code § 77-13-6(2)(a) ("A plea of guilty or no contest may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made."). Instead, Edwards argues that before ruling on that motion, the court was required to grant his request for a continuance so that Edwards could prepare a written motion detailing his reasons for seeking to withdraw the plea.

¶14    Edwards bases this argument on our decision in *State v. Ferretti*, 2011 UT App 321, 263 P.3d 553. There, we held that a district court must afford a defendant a "reasonable amount of time to prepare a written motion to withdraw" a plea. *Id.* ¶ 11. From this, we held that the district court in that case had abused its discretion by failing to continue the defendant's sentencing "to allow for adequate briefing in support of his plea-withdrawal request." *Id.* ¶ 16. In Edwards's view, there was a similar abuse of discretion here. We disagree.[2]

---

2. *Ferretti*'s rule was based, in part, on the due-process-derived guarantee of the "opportunity to be heard in a meaningful way." *State v. Ferretti*, 2011 UT App 321, ¶ 12, 263 P.3d 553 (quotation simplified). In light of this, Edwards claims that the alleged error in this case was constitutional in nature. But even so, Edwards agrees that the question of whether the court was required to grant his continuance request should be reviewed for an abuse of discretion. In response, the State acknowledges (as it must, given the record) that Edwards requested a continuance below. The State still argues, however, that the more particular constitutional argument that Edwards now makes on appeal is unpreserved.

(continued…)

¶15 An "abuse of discretion occurs only if it can be said that no reasonable person would take the view adopted by the district court." *State v. Sanchez*, 2017 UT App 229, ¶ 2, 409 P.3d 156 (quotation simplified). Moreover, discretionary decisions (and an appellate court's review of them) are necessarily context specific. *See, e.g.*, *Lewis v. Nelson*, 2017 UT App 230, ¶ 20, 409 P.3d 149 (discouraging a bright-line abuse of discretion rule and noting that a prior decision had concluded that there was an abuse of discretion only "under the facts and circumstances of that particular case" (quotation simplified)); *Florez v. Schindler Elevator Corp.*, 2010 UT App 254, ¶ 46, 240 P.3d 107 (reviewing a "discretionary decision" from a court about comments made during "opening and closing arguments" and noting that the "comments were, by and large, not improper in the context in which they were made"); *Riley v. Riley*, 2006 UT App 214, ¶ 30, 138 P.3d 84 (determining that a district court's "analysis of the facts specific to the case" was not an abuse of discretion).

¶16 Here, the relevant context is that Edwards had already been given ample time to consider and prepare any motion to withdraw his plea before the court denied the continuance request at issue in this appeal. At the original August 2020 sentencing hearing, Edwards's counsel asked the court for "a little bit of time to actually go through [a recent filing] and advise [Edwards]" as to "what the result might be and whether or not he actually wants

---

Where "the merits of a claim can easily be resolved in favor of the party asserting that the claim was not preserved, we readily may opt to do so without addressing preservation." *State v. Kitches*, 2021 UT App 24, ¶ 28, 484 P.3d 415 (quotation simplified). This is so here. Because Edwards agrees that even the constitutional version of his argument turns on whether the court abused its discretion, and because we conclude that the court did not, we need not address whether Edwards properly preserved this constitutional argument when he asked for a continuance of sentencing more generally.

to [withdraw his plea]." The district court granted that request and gave Edwards a seven-week continuance, and it explained that it was doing so to allow Edwards's counsel time to "assess if there are grounds to withdraw the plea." Due in part to concerns about Edwards's health, that continuance was later extended for several more months.

¶17    As a result, when the court denied the continuance request at issue, Edwards had just had four months to discuss and prepare a potential plea withdrawal motion. Given this, we disagree with Edwards's assertion that the court was required to give him additional time beyond that.

¶18    Edwards nevertheless points to *Ferretti* and argues that it compels a different result. We disagree, largely because the circumstances involved in the two cases are dissimilar in important ways.

¶19    Ferretti was told in writing in a document provided by the State that he could file a written motion to withdraw his plea "within 30 days" after he had "been sentenced and final judgment" had been entered. 2011 UT App 321, ¶ 4. At the sentencing hearing, Ferretti orally informed the court that he wanted to withdraw his plea. *Id.* ¶ 7. Ferretti's counsel then told the court that he "was unaware of Ferretti's desire to withdraw his plea until the morning of the hearing," that he and Ferretti had only spoken for about "ten minutes[] in the holding cell about the foundation and the legal requirements that are needed to make that withdrawal of plea," and that he had not "had the time to go through determining the possible basis for a withdrawal motion." *Id.* ¶¶ 7, 13 (quotation simplified). Based on this, the court "accept[ed] the verbal—oral motion to withdraw to be followed up by a written motion," and it then gave Ferretti two weeks to prepare the written motion. *Id.* ¶ 7. After a short recess, however, the court accepted a request from the prosecutor to "require[] . . . Ferretti himself" to first "articulate a good faith

basis for why he believed he should be allowed to withdraw his plea." *Id.* ¶ 8. When Ferretti's unprepared response failed to satisfy the court that there was a "good faith basis" for withdrawing the plea, the court denied the motion outright. *Id.* Ferretti's counsel then objected and requested a continuance so that he could "make meaningful arguments" about why Ferretti should be allowed to withdraw his plea, but the court denied that motion to continue and sentenced Ferretti. *Id.* ¶ 9.

¶20 On appeal, we held that the court abused its discretion by not granting the request for a continuance. *Id.* ¶ 11. This was so, we explained, because Ferretti was not given "a reasonable amount of time to prepare a written motion to withdraw." *Id.*

¶21 Contrary to Edwards's assertion, however, the circumstances here are different from those presented in *Ferretti* on at least two key fronts. First, Ferretti had been told in writing (in a document prepared by the State, no less) that he could file a motion to withdraw within 30 days of sentencing. *Id.* ¶ 4. As a result, Ferretti had written reason to believe that he would have more time after sentencing to prepare any such motion, and the court's subsequent denial of his continuance request was at odds with this assurance. Here, however, Edwards points to no similar assurance (written or otherwise), so there is no similar basis for Edwards to claim that he was caught off guard. Indeed, to the contrary, Edwards's signed plea agreement states, "I understand that if I want to withdraw my guilty (or no contest) plea(s), I must file a *written* motion to withdraw my plea(s) *before sentence is announced*."[3] (Emphases added.) Thus, unlike Ferretti, Edwards

---

3. This language is consistent with Utah's plea withdrawal statute, which requires that "[a] request to withdraw a plea of guilty or no contest . . . shall be made by motion before sentence is announced." Utah Code § 77-13-6(2)(b).

was on notice that he was required to present any such arguments in writing before sentencing.

¶22    Second, there was no indication that Ferretti had ever informed his counsel of his desire to withdraw his plea until the morning of the sentencing hearing. By contrast, Edwards's counsel told the court in August 2020 that "Edwards had talked to [him] about possibly attempting to withdraw the plea." This is why the court then continued that sentencing hearing—i.e., for the express purpose of allowing Edwards and his counsel more time to confer about this very issue. As a result, if Edwards's counsel was indeed surprised to learn, on the morning of the December 2020 sentencing hearing, that Edwards now wanted to withdraw his plea, this surprise wouldn't have been because the two had not previously discussed the issue. In any event, the point remains: unlike the circumstances involved in *Ferretti*, this case involves a defendant who had just been given several months to discuss this very issue with his counsel.

¶23    And that's what ultimately matters. Again, we're reviewing a decision that's left to the discretion of the district court, and the resultant decision must now be evaluated in light of the relevant circumstances of the particular case. Here, the court had already given Edwards several months to confer with his counsel about whether to withdraw his plea. When Edwards decided (apparently at the last minute) that he wanted to file the motion, and when he then needed more time to prepare a written motion as a result of his own last-minute decision, the court was not obligated to grant his request. Instead, because Edwards had already been given "a reasonable amount of time to prepare a written motion articulating the reasons why he should be allowed to withdraw his plea," *Ferretti*, 2011 UT App 321, ¶ 17, it was within the court's discretion to deny this request.

¶24    To be clear, we are not holding that a defendant is never entitled to a continuance in order to prepare a written motion—

*Ferretti* makes it clear that, under some circumstances, a defendant must be given one. We also are not holding that a defendant is only entitled to a continuance in the particular circumstances involved in *Ferretti*—there may well be other circumstances in which a court would abuse its discretion by denying such a request. We're simply holding that Edwards wasn't entitled to an additional continuance under the circumstances at issue here.

¶25    In short, we see no abuse of discretion in the court's denial of Edwards's continuance request. Because this is the sole basis on which Edwards assails the court's denial of his motion to withdraw his plea, we affirm that decision.

II. Alleged Inaccuracies in the Presentence Investigation Report

¶26    At sentencing, Edwards informed the district court of several alleged inaccuracies in the PSR. Under the version of Utah law in effect at the time of Edwards's sentencing, a court could grant the parties additional time to resolve any alleged inaccuracies in the PSR, and the court was then required to resolve any unresolved inaccuracies by making "a determination of relevance and accuracy on the record." Utah Code § 77-18-1(6)(a) (2020)[4]; *see also State v. Jaeger*, 1999 UT 1, ¶ 44, 973 P.2d 404.

¶27    Edwards argues that the court erred by not making any findings about the alleged inaccuracies, and the State concedes that this was an error. Given this acknowledged error, we reverse and remand with instructions for the court to resolve the alleged inaccuracies.

---

4. This statute has since been renumbered, and the current statute contains continuance and resolution components as well. *See* Utah Code § 77-18-103(4)(a). While the State asserts that the resolution components of the current statute are substantively different, we have no need here to weigh in on any such difference.

CONCLUSION

¶28    The district court did not abuse its discretion in denying Edwards's request for a continuance to file a written motion for a plea withdrawal. But the court did err when it failed to resolve the alleged inaccuracies in the PSR, so we remand for the court to address the claimed errors.

_____