IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100792-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (June 21, 2012) |
| Harry Miller, | ) | |
| | ) | 2012 UT App 172 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 091908376
The Honorable Kate A. Toomey
The Honorable William W. Barrett

Attorneys:     W. Andrew McCullough, Midvale, for Appellant
                    Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee

-----

Before Judges McHugh, Thorne, and Christiansen.

THORNE, Judge:

¶1     Harry Miller appeals from his conviction by guilty plea on one count of attempted possession of a controlled substance, a class A misdemeanor, *see* Utah Code Ann. §§ 58-37-8(2)(a)(i) (Supp. 2011), 76-4-101 (2008).  We affirm.

¶2     In October 2009, Miller was charged by information with a third degree felony after attempting to buy "rock" cocaine from an undercover police officer posing as a dealer in downtown Salt Lake City.  There were no drugs actually present during this

sting operation. Miller returned to his home in Louisiana prior to the filing of the information against him, but retained a private Utah attorney, W. Andrew McCullough, who entered an appearance as Miller's counsel on November 2, 2009. Soon afterward, McCullough filed a motion to dismiss the information against Miller on the ground that one cannot be convicted of attempting to possess drugs that do not exist. The district court denied the motion, and this court denied a request for interlocutory appeal.

¶3     Miller returned to Utah, where he was arrested in July 2010, apparently on a warrant issued in an unrelated matter.[1] He was arraigned before the district court in this case on July 28, at which time the district court advised Miller of his right to counsel, determined that he was indigent, and appointed him a public defender. McCullough was unaware of Miller's arrest and did not attend the arraignment, and Miller did not request McCullough's presence or otherwise apprise the district court of his representation by McCullough. Miller's public defender entered an appearance on August 2, and on August 3, with his public defender present, Miller pleaded guilty to a class A misdemeanor of attempted possession of a controlled substance. McCullough became aware of the guilty plea shortly before Miller's September 20 sentencing and filed a timely motion to withdraw Miller's plea. McCullough represented Miller at the sentencing hearing, where the district court denied Miller's motion to withdraw his plea and sentenced him to a suspended jail term and probation.

¶4     Miller appeals, arguing that the district court erred when it denied his motions to withdraw his plea and to dismiss the information. "We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion." *State v. Ferretti*, 2011 UT App 321, ¶ 10, 263 P.3d 553. However, unless we reverse the district court on the plea withdrawal issue, Miller's guilty plea acts as a waiver of all nonjurisdictional claims arising prior to the plea, including Miller's challenge to the district court's denial of his motion to dismiss. *See State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046 (stating the general rule that "by pleading guilty, the defendant is deemed to have admitted all of the essential elements of the crime charged and thereby waives all nonjurisdictional

---

1. The record is unclear as to the exact grounds for Miller's arrest. In his appellate brief, Miller states that he was arrested on a warrant, and in his reply brief, he states that he was "arrested on an unrelated matter, and brought before the [district court in the present case] on a warrant."

defects, including alleged pre-plea constitutional violations" (internal quotation marks omitted)).

¶5    Miller argues that the district court's denial of his motion to withdraw his guilty plea was erroneous because it denied Miller the right to have counsel of his choice—i.e., McCullough—represent him at his change of plea hearing. *See generally State v. Barber*, 2009 UT App 91, ¶ 17, 206 P.3d 1223 ("Absent special circumstances, a defendant's choice of retained counsel must be respected . . . ." (internal quotation marks omitted)). However, it is apparent from the record that Miller chose to proceed with appointed counsel, and there is no indication that he informed either the district court or his public defender about McCullough's involvement in the case.[2]

¶6    Not only did Miller fail to inform the district court that he was represented by McCullough, he signed an affidavit of indigency stating that "due to my poverty I am unable to bear the expense of hiring an attorney to defend myself in this proceeding." Miller then proceeded to accept the representation of the public defender at his change of plea hearing and signed a written Statement of Defendant in Support of Guilty Plea that identified her by name as "my attorney." The minute entry from the change of plea hearing also indicates that the district court advised Miller of his rights, which would have included the right to counsel, and again Miller gave no indication that he had or desired any counsel other than the public defender. These actions clearly indicate a choice by Miller to proceed with appointed counsel.

¶7    Had Miller informed the district court that he had retained McCullough and desired McCullough's representation at the change of plea hearing, the district court would have been required to respect Miller's choice of counsel. *See Barber*, 2009 UT App 91, ¶ 17. However, by his actions, Miller informed the district court that he desired to proceed with appointed counsel, a choice that the district court was also required to respect. *See id.* ¶¶ 39–50 (recognizing a defendant's right to dismiss retained counsel in favor of appointed counsel). Miller's choice of the public defender as his counsel for his change of plea is apparent from the record, and we see no error in the district court's

---

2.  We note that no transcript from the arraignment hearing is included in the record on appeal.

taking of Miller's plea in McCullough's absence or its subsequent denial of Miller's motion to withdraw his plea.

¶8     Miller also raises a cursory argument that his public defender provided ineffective assistance of counsel under the circumstances. According to Miller, the public defender could not have provided effective assistance at the change of plea hearing because she was unaware of McCullough's involvement in the case and the prior motion to dismiss and petition for interlocutory appeal.[3] Had the public defender been aware of these facts, Miller argues, she would not have advised a quick guilty plea and would have instead informed the court of McCullough's involvement and sought a continuance so that he could appear.

¶9     Miller's argument fails to convince us that either prong of an ineffective assistance claim has been established.

> To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) counsel's performance was prejudicial in that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.

*State v. Maestas*, 2012 UT App 53, ¶ 57, 272 P.3d 769 (internal quotation marks omitted). Miller's argument rests entirely on speculation about what might have happened if the public defender had been apprised of the complete case history, which Miller concedes she was not.[4] We will not assume ineffective assistance of counsel based on speculation, *see State v. Munguia*, 2011 UT 5, ¶ 30, 253 P.3d 1082 ("[P]roof of ineffective assistance of counsel cannot be a speculative matter but must be a demonstrable reality." (internal quotation marks omitted)), and we accordingly reject Miller's ineffectiveness argument.

---

3. Miller concedes that the public defender provided adequate assistance in all other respects.

4. Miller makes no argument that the public defender performed ineffectively by failing to investigate the case history on her own.

¶10     Ultimately, we must uphold the district court's denial of Miller's motion to withdraw his guilty plea unless Miller can establish that the plea was not knowing and voluntary. *See State v. Ruiz*, 2012 UT 29, ¶ 37 ("[O]n a presentence motion to withdraw, the burden of proof is on the defendant, who must show that his or her plea was not knowingly and voluntarily made."). In denying Miller's motion to withdraw his guilty plea, the district court noted there had been an in-court plea colloquy and that Miller's public defender "went through the long form with him," referring to Miller's written statement in support of his plea. The State argues, and we agree, that a proper colloquy pursuant to rule 11 of the Utah Rules of Criminal Procedure "creates a presumption that the plea was voluntarily entered." *See State v. Gamblin*, 2000 UT 44, ¶ 11, 1 P.3d 1108; *see also* Utah R. Crim. P. 11(e) (reciting the requirements for a guilty plea colloquy). Miller has not alleged any deficiencies in his guilty plea or colloquy other than those identified in his choice-of-counsel argument, which we have rejected.[5]

¶11     Accordingly, we disagree with Miller that McCullough's absence from the plea hearing necessitates that Miller be allowed to withdraw his plea. Miller was represented by counsel of his choice—the public defender—at the plea hearing and entered his plea with her assistance. This was not a situation where the district court forced Miller to proceed with a public defender. Rather, Miller accepted the representation of the appointed public defender, who ably secured a plea deal resulting in the reduction of Miller's charge from a felony to a misdemeanor. And although we acknowledge the unusual circumstances of this case, Miller presents no authority to support the proposition that a criminal defendant may not be represented by more than one counsel simultaneously or that all counsel must be present for the entry of a guilty plea. For all of these reasons, we conclude that the district court acted within its discretion in denying Miller's motion to withdraw his guilty plea.

¶12     Because we affirm the district court's denial of Miller's withdrawal motion, his guilty plea stands and acts as a waiver of his claim of error pertaining to his motion to dismiss. *See generally State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046. Miller concedes as much in his appellate brief, stating, "It is, however, necessary in order to bring the question of statutory construction before this Court to first address the validity of the

---

5. Indeed, Miller states in his reply brief that his plea "followed all the rules."

entry of a plea . . . ."  Therefore, we affirm both the district court's denial of Miller's motion to withdraw and Miller's conviction and sentence.

_____

William A. Thorne Jr., Judge

-----

¶13    WE CONCUR:

_____

Carolyn B. McHugh,
Presiding Judge

_____

Michele M. Christiansen, Judge