**2019 UT App 178**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JOEL SANCHEZ BARRIGA,
Appellant.

Opinion
No. 20180188-CA
Filed November 7, 2019

Second District Court, Ogden Department
The Honorable Noel S. Hyde
No. 171901795

Emily Adams and Cherise M. Bacalski, Attorneys
for Appellant

Sean D. Reyes and Thomas Brunker, Attorneys
for Appellee

JUDGE RYAN M. HARRIS authored this Opinion, in which
JUDGES GREGORY K. ORME and DIANA HAGEN concurred.

HARRIS, Judge:

¶1 A jury convicted Joel Sanchez Barriga of failure to respond to an officer's signal to stop. Barriga appeals that conviction, asserting that his trial counsel rendered constitutionally ineffective assistance by failing to object to certain evidence. We affirm.

### BACKGROUND[1]

¶2     One evening, at approximately 10:00 p.m., a police detective (Detective) and an agent (Agent) from Adult Probation and Parole were conducting routine surveillance of a townhouse complex when they noticed a black car that signaled to turn into the complex, but stopped in the middle of the road for a few seconds, and then straightened its course and continued driving. Their curiosity piqued, the officers decided to follow the car.

¶3     While following and observing the car, Agent ran the license plate and discovered that the car was not insured. At that point, the officers decided to initiate a traffic stop, and activated their red and blue lights. Instead of pulling over and coming to a complete stop, however, the car accelerated and sped off. The officers gave chase, with Detective driving and Agent in the passenger seat. Eventually, the officers were able to catch up to the vehicle and pull alongside it, with both cars still moving down the road at significant speed. While the cars were traveling alongside each other, Agent looked over at the black car and immediately recognized the driver of the vehicle as Barriga.

¶4     Agent was familiar with Barriga, and able to identify him so quickly, because Barriga was on parole, and Agent had been assigned to supervise Barriga for two-and-a-half years. This supervision included "dozens" of interactions, both at Agent's office and at Barriga's home; indeed, by coincidence, Agent and Detective had attempted to visit Barriga at his home earlier that same day, but he was not there. Through those interactions,

---

1. "On appeal, we review the record facts in a light most favorable to the jury's verdict and recite the facts accordingly. We present conflicting evidence only as necessary to understand issues raised on appeal." *State v. Reigelsperger*, 2017 UT App 101, ¶ 2 n.1, 400 P.3d 1127 (quotation simplified).

Agent had become familiar with Barriga's facial features, including a star tattoo under his eye. Agent testified that, although it was dark outside when they pulled alongside the black car, the street was "well lit" and dashboard lights illuminated Barriga's face, allowing Agent to see, among other things, that the driver of the black car had a star tattoo under his left eye. Agent testified that he was able to identify Barriga "without a problem."

¶5      After identifying Barriga as the driver of the black car, the officers backed off, hoping to mitigate the danger of a high-speed chase and encourage Barriga to slow down. They continued to follow the car for a while, but Barriga did not slow down. To the contrary, he continued to drive at a high speed and turned off his headlights, eventually shaking the officers' tail. The officers contacted dispatch and attempted to locate the black car, but were unsuccessful, even after making another trip to Barriga's residence to see if the car was there. Agent then proceeded to obtain an arrest warrant for Barriga.

¶6      The following week, the same officers responded to a call that Barriga was at the Northern Utah Community Correctional Center, a probation facility. Upon arrival, they spotted the same black car, with the same license plate, in the parking lot, and they found Barriga inside the building. Detective told Barriga he was under arrest for fleeing, but Barriga claimed to have no idea what Detective was talking about. Detective explained that Barriga fled from the officers in the same car that was parked in the parking lot, but Barriga denied any involvement. A subsequent search of Barriga revealed a car key in his pocket; officers later used that same key to unlock and start the black car. Barriga initially insisted he was not the one driving the car "that night," claiming that he had been at home. When confronted with the fact that Detective and Agent visited his home that night and he was not there, Barriga then claimed that he was out that night due to an emergency.

¶7    The State charged Barriga with one count of failure to respond to an officer's signal to stop. Barriga defended the case primarily on the theory that he had not been the individual in the black car on the night in question. Prior to trial, the State moved, pursuant to rule 404(b) of the Utah Rules of Evidence, to admit evidence of Barriga's status as a parolee. The State asserted that this evidence was necessary to prove identity—that Barriga was indeed the person driving the black car. The State argued that, without that evidence, it would be hard to explain to a jury how Agent could possibly have identified Barriga so quickly, while moving at high speeds at night. Barriga's response to the motion, if any, is not contained in the appellate record, and the trial court made no ruling on the State's motion.

¶8    At trial, the State called two witnesses: Agent and Detective. Without objection from Barriga, the State asked Agent how he knew Barriga and how he was able to identify him so quickly, and Agent explained that Barriga was on parole and that he had been supervising him. Similar questions were put to Detective, again without objection from Barriga. And during closing argument, the prosecutor argued that Agent "knows [Barriga] well, has supervised him for two-and-a-half years, [and] has had dozens of encounters with him, both in his office and at [Barriga's] home." After deliberation, the jury found Barriga guilty.

ISSUE AND STANDARD OF REVIEW

¶9    Barriga now appeals from the jury's verdict, and asks us to reverse his conviction due to ineffective assistance of counsel. "When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and we must decide whether the defendant was deprived of the effective assistance of counsel as a matter of law." *Layton City v. Carr*, 2014 UT App 227, ¶ 6, 336 P.3d 587 (quotation simplified).

ANALYSIS

¶10 Barriga contends that trial counsel rendered ineffective assistance by failing to object to the admission of evidence regarding his parole status. Barriga contends that, through admission of this evidence, the jury heard—multiple times—that he was on parole, and that the jury therefore must have inferred that he had committed crimes in the past. He contends that this evidence should not have been admitted, and that if it had not been admitted, he would have received a more favorable outcome at trial.

¶11 In order to establish that his attorney provided ineffective assistance, Barriga must make a two-part showing: (1) that his attorney's "performance was deficient in that it fell below an objective standard of reasonableness," and (2) that his attorney's deficient performance was "prejudicial," meaning that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Miller*, 2012 UT App 172, ¶ 9, 281 P.3d 282 (quotation simplified); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). Defendants claiming ineffective assistance are required "to affirmatively prove both prongs of the *Strickland* test to prevail." *State v. Ellis*, 2014 UT App 185, ¶ 14, 336 P.3d 26 (quotation simplified). "As a result, it is not necessary for us to address both components of the inquiry if we determine that a defendant has made an insufficient showing on one." *Id.* (quotation simplified).

¶12 To satisfy the first part of the *Strickland* test, a defendant challenging counsel's decision-making must overcome the "strong presumption" that those decisions were made within the "wide range" of reasonable assistance. *Strickland*, 466 U.S. at 689. Given the "countless ways to provide effective assistance in any given case," we review counsel's performance in a manner that is "highly deferential." *Id.* Thus, "the relevant question is not

whether counsel's choices were strategic, but whether they were reasonable," which can include "a reasonable miscalculation." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *accord Harrington v. Richter*, 562 U.S. 86, 110 (2011). In essence, Barriga must demonstrate that there was "no conceivable tactical basis" for his counsel's decisions, *State v. Clark*, 2004 UT 25, ¶ 7, 89 P.3d 162 (quotation simplified), or, put differently, that "no reasonable attorney" would have chosen the course that trial counsel took, *State v. Roberts*, 2019 UT App 9, ¶ 29, 438 P.3d 885 (quotation simplified). Furthermore, "[f]ailure to raise futile objections does not constitute ineffective assistance of counsel." *State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546. In our view, Barriga cannot meet the first *Strickland* element, because any objection to admission of Barriga's parole status would have been overruled, and it therefore would have been futile for Barriga's counsel to have raised such an objection.

¶13 In order to win admission of evidence pursuant to rule 404(b), the proponent of the evidence (here, the State) must make a three-part showing. First, the "evidence of prior bad acts must be relevant." *State v. Lucero*, 2014 UT 15, ¶ 13, 328 P.3d 841, *abrogated on other grounds by State v. Thornton*, 2017 UT 9, 391 P.3d 1016. Second, the evidence of prior bad acts must be "offered for a genuine, noncharacter purpose." *Id.* Third, "the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice." *Id.* The rule 404(b) evidence at issue here clearly satisfies this test.

¶14 First, the evidence was relevant. Evidence is relevant if it has "any tendency" to make a consequential fact "more or less probable than it would be without the evidence" Utah R. Evid. 401. Our supreme court has observed that rule 401 presents "a low bar" to admission of evidence. *See Thornton*, 2017 UT 9, ¶ 61. In this case, evidence of Barriga's parole status was clearly relevant, because it helped explain how Agent could identify him so quickly under the circumstances.

¶15    Second, as Barriga wisely concedes on appeal, the evidence was admitted for a proper, noncharacter purpose—establishing Barriga's identity. While evidence of a past crime is not admissible to prove a person's character, Utah R. Evid 404(b)(1), the same evidence "may be admissible for another purpose, such as proving . . . identity," *id.* R. 404(b)(2). Barriga's primary defense theory at trial was that Agent had mistakenly identified him as the driver of the car. Accordingly, whether Agent could indeed identify Barriga so quickly, and at night, was the central issue in the case, and one that the State needed to prove beyond a reasonable doubt. Had identity not been at issue at trial—for instance, if Barriga had stipulated that he was the driver of the black car—there may not have been a valid noncharacter purpose for introducing Barriga's parole status. *See State v. Verde*, 2012 UT 60, ¶¶ 25–27, 296 P.3d 673 (holding that the State could not use rule 404(b) evidence for the purpose of proving "intent" because the defendant did not contest intent at trial and offered to stipulate to intent), *abrogated on other grounds by Thornton*, 2017 UT 9. But by choosing to make identity the centerpiece of his defense, Barriga placed identity at issue.

¶16    Third, the probative value of the evidence was not substantially outweighed by the risk of unfair prejudice. *See* Utah R. Evid. 403. "Unfair prejudice within the context of rule 403 means an undue tendency to suggest decision on an improper basis." *State v. Burke*, 2011 UT App 168, ¶ 34, 256 P.3d 1102 (quotation simplified). "All effective evidence is prejudicial in the sense of being damaging to the party against whom it is offered." *State v. Killpack*, 2008 UT 49, ¶ 53, 191 P.3d 17 (quotation simplified). Rule 403 "only requires that the trial court measure the danger the evidence poses of causing unfair prejudice to a defendant." *Id.* (quotation simplified).

¶17    In this case, the probative value of the proffered evidence was quite high. Agent's testimony was the best evidence addressing the central issue at trial—the identity of the driver of

the black car. And evidence of Barriga's parole status, and his corresponding relationship with Agent as his parole officer, was critical to Agent's explanation as to how he was able to identify Barriga in only two to three seconds, in the dark, while driving at a high speed alongside his vehicle. Without this context, such an identification might in fact be rather unlikely; indeed, it is precisely *because of* the relationship between the two that Agent's quick recognition of Barriga holds weight. Because of this, Barriga's parole status constitutes an important piece of the evidentiary picture and is of high probative value.

¶18    Conversely, Barriga alleges as unfair prejudice only the possibility that the jury "might already consider him to be part of the criminal class." This is insufficient to establish that the evidence's high probative value is substantially outweighed by the risk of unfair prejudice. "[E]vidence of past crimes may be admissible to help establish identity." *State v. Fairchild*, 2016 UT App 205, ¶ 18, 385 P.3d 696. Moreover, in certain situations "limited allusions" of parole status may be "necessary as context." *State v. Dominguez*, 2003 UT App 158, ¶ 28, 72 P.3d 127 (quotation simplified). We readily conclude that such a situation is presented here.

¶19    Because evidence is generally permitted unless its probative value is *substantially* outweighed by the danger of unfair prejudice, *see* Utah R. Evid. 403, we agree with the State that any objection to witnesses testifying that Barriga was on parole would have been overruled. The evidence had strong probative value because it had a high tendency to establish Barriga's identity as the driver of the car. This value was not outweighed by the potential prejudicial impact of suggesting to the jury that Barriga had a criminal past. Although not completely eliminated, the danger of unfair prejudice to Barriga was minimized in two key ways. First, Barriga's parole status was mentioned only in the context of his relationship as a parolee to Agent, the man who identified him as the driver of

the black car. *See State v. Moody*, 2012 UT App 297, ¶ 11, 288 P.3d 1092. Second, the crime underlying Barriga's parole status was never identified. *See id.* Under the circumstances presented here, we conclude that the probative value of the evidence was not substantially outweighed by the risk of unfair prejudice.

¶20  In sum, Barriga's counsel did not perform deficiently by failing to object to evidence of his parole status, because such an objection would have been overruled. Accordingly, it is not only conceivable that a competent attorney would fail to object, but probable that counsel "made a deliberate and wise tactical choice" by declining to do so. *See State v. Colonna*, 766 P.2d 1062, 1067 (Utah 1988). Accordingly, Barriga has not carried his burden of demonstrating that his attorney rendered constitutionally ineffective assistance.

CONCLUSION

¶21  Because Barriga has failed to prove that his counsel performed deficiently, his claim of ineffective assistance of counsel necessarily fails. Accordingly, we affirm Barriga's conviction.

————————